IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE FARMERS MUTUAL INSURANCE COMPANY OF NEBRASKA, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| DOXO, INC., | |
| Defendant. | |

COMES NOW, Plaintiff The Farmers Mutual Insurance Company of Nebraska (hereinafter, "FMNE"), and for its Complaint against Defendant doxo, inc., states:

## INTRODUCTION

1.     This is an action for trademark infringement and unfair competition against Defendant, doxo, inc. Defendant operates a website which allows Defendant's customers to pay bills they owe to third-party companies. Among Defendant's webpages is one specifically dedicated to FMNE, <https://www.doxo.com/info/farmers-mutual-of-nebraska> (the "Infringing Webpage"). Defendant purposefully confuses FMNE customers by causing the Infringing Webpage to display as a search result for queries such as "FMNE bill pay." The search engine result that is displayed for the Infringing Website confuses FMNE customers into believing the webpage is affiliated with FMNE. Once on the Infringing Webpage, customers are further confused by Defendant's infringing use of FMNE's common law and federally registered service marks. Defendant's conduct has resulted in actual incidents of customer confusion, and harm to FMNE's reputation and goodwill, in violation of federal and state law.

1

## PARTIES

2.     FMNE is a corporation formed under the laws of Nebraska with its principal place of business in Lincoln, Nebraska.

3.     Upon information and belief, Defendant is a Delaware corporation with its principal place of business in Seattle, Washington.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1338(a), 15 U.S.C. § 1121, and 28 U.S.C. § 1331, because FMNE presents a claim arising under the Lanham Act, a federal trademark law. This Court has subject matter jurisdiction over FMNE's state-law claims under 28 U.S.C. § 1367(a), because those claims arise under the same nucleus of operative facts alleged in FMNE's federal claims.

5.     This Court has personal jurisdiction over Defendant because FMNE's claims against Defendant arise out of and relate to business Defendant has transacted in this District. Specifically, Nebraska residents have conducted business with Defendant through the Infringing Webpage.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to FMNE's claims occurred in this District.

## FACTUAL ALLEGATIONS

7.     FMNE was organized in 1891 and has been incorporated in Nebraska since at least 1907.

8.     FMNE is among the most successful and well-respected mutual insurance companies in the Midwest and is a leading insurer of farms in Nebraska

and South Dakota. It has continuously been rated A (excellent) or better by A.M. Best, a recognized insurance company rating agency, since 1922, an achievement fewer than a dozen property and casualty insurers have earned.

9. FMNE has sold property and casualty insurance in interstate commerce under the word mark "Farmers Mutual of Nebraska" (the "Word Mark") exclusively and continuously for over 100 years.

10. FMNE has registered a stylized shield design service mark with the United States Patent and Trademark Office (Registration No. 5,360,759), a true and correct copy of the certificate of which registration is attached to this Complaint as **Exhibit A** (the "Design Mark").

11. FMNE is the owner of the federally registered and common law marks identified in paragraphs 9 and 10 and Exhibit A, which are collectively referred to herein as the "FMNE Marks".

12. FMNE sells insurance covering property located in Nebraska, South Dakota, and North Dakota under the FMNE Marks. Its customers are located throughout the United States.

13. FMNE promotes and advertises its insuring products under the FMNE Marks through print, radio, television, internet, social media, and other media.

14. The FMNE Marks are assets of substantial value to FMNE as symbols of its high-quality insuring products and services and its goodwill.

15. Through FMNE's promotion, advertising, and sale of its insuring products and services under the FMNE Marks, the FMNE Marks have become distinctive of those products and services in that they are widely recognized among the consuming public as designating FMNE as their source.

16. The FMNE Word Mark is suggestive and/or distinctive with acquired secondary meaning.

17. Defendant, through its website, provides an online bill-pay platform on which its customers can pay bills owed to third-party companies.

18. Defendant created, owns, and operates the Infringing Webpage, which is specifically and intentionally directed toward FMNE's customers. A true and correct copy of the Infrining Webpage is attached to this Complaint as **Exhibit B**.

19. Defendants have intentionally engaged in "search engine optimization" (SEO) practices that cause the Infringing Webpage to return for search engine queries relating to payment of FMNE premiums. For example:

   a. Defendant has titled the Infringing Webpage "Farmers Mutual of Nebraska | Pay Your Bill Online | doxo.com."

   b. Defendant has placed in the source code of its website the following meta keywords[1]:

   ```
   <meta data-n-head="ssr" data-hid="keywords" name="keywords" content="Farmers Mutual of Nebraska,https://www.fmne.com/, Farmers Mutual of Nebraska bill pay,pay Farmers Mutual of Nebraska,Farmers Mutual of Nebraska payment,Insurance,Auto Insurance">
   ```

   c. Defendant has used the Word Mark "Farmers Mutual of Nebraska" in its URL, its Infringing Webpage title, and 67 times in its source code.

20. Further, the title of a webpage is what a search engine displays as a search result for that webpage. Defendant has intentionally given the Infringing

---

[1] "Meta Keywords are a specific type of meta tag that appear in the HTML code of a Web page and help tell search engines what the topic of the page is." Meta Keywords: What They Are and How They Work, WordStream, https://www.wordstream.com/meta-keyword (last visited Sept. 1, 2021).

4

Webpage a title that confuses consumers into believing it is affiliated with FMNE and is intended to confuse a consumer into entering the Infringing Website while believing it to belong to or be affiliated with FMNE.

21. A copy of the source code for the Infringing Website is attached to this Complaint as **Exhibit C**, with language showing the above-alleged SEO practices highlighted.

22. A copy of the search results returned by Google for the query "pay Farmers Mutual of Nebraska bill," showing the Infringing Website as the fourth search result, and results for the query "FMNE bill pay" showing the Infringing Website as the fifth search result, are attached to this Complaint as **Exhibit D**.

23. The Infringing Website displays the FMNE Marks, as shown in Exhibit B. The Design Mark becomes visible when a user clicks on the menu icon—three horizontal bars arranged vertically—at the top left of the Infringing Webpage, causing a sidebar displaying the Design Mark to appear at the left edge of the Infringing Webpage.

24. Defendant charges its customers a fee to use its service. FMNE has received calls from customers upset that FMNE has charged them a fee when paying their premium. Those customers are under the misapprehension that it is FMNE, rather than Defendant, that has charged them the fee.

25. FMNE does not charge its customers a fee to pay their bill online.

26. In direct communications with FMNE, multiple customers have expressed that they believed they were on FMNE's website when in fact they were on Defendant's website.

27. On information and belief, there is a significant delay, sometimes as long as 5 to 11 days, between when payment to FMNE is made on the Infringing Website and when Defendant, either directly or through a third party, remits payment to FMNE. On multiple occasions this has resulted in cancellation of the FMNE customer's policy for nonpayment.

28. Defendant's conduct has caused consumers to believe FMNE charges them a fee for its online-bill-payment service and that FMNE has failed to process their payment in a timely fashion such that their policy is cancelled.

29. Defendant's use of the FMNE Marks is likely to cause, and has and continues to actually cause, confusion among consumers as to the source or affiliation of the Infringing Website in that customers believe FMNE either operates or is affiliated with the Infringing Webpage.

30. The offering to the public of services by Defendant under the FMNE Marks has been and is without the permission or authorization of FMNE.

31. On information and belief, Defendant, with full knowledge of the FMNE Marks, intended to and did knowingly trade on the goodwill associated with the FMNE Marks and has intentionally confused and misled customers into assuming a connection between FMNE and the Infringing Webpage.

32. On information and belief, the use by Defendant of the FMNE Marks on the Infringing Webpage, along with the webpage title and SEO practices associated with the Infringing Webpage, constitutes a knowing and willful use of a false description or representation that falsely designates Defendant's services offered to the public by Defendant as originating from, or connected with, FMNE, and constitutes utilizing false descriptions or representations in commerce.

33. Defendant's conduct has caused irreparable injury to FMNE, including but not limited to injury to its business, reputation, and goodwill.

34. Defendant has engaged in similar conduct with numerous other entities and in fact engages in a business model that is based upon such wrongful conduct such that its conduct with respect to FMNE is necessarily intentional, willful, calculated, and deliberate.

### COUNT I—TRADEMARK INFRINGEMENT UNDER § 43(a) OF THE LANHAM ACT

35. FMNE realleges and incorporates by reference each of the foregoing paragraphs as though fully restated herein.

36. Defendant has used in commerce the FMNE Marks in connection with Defendant's services and has falsely designated the origin of its services, and such use is likely to cause confusion, to cause mistake, and to deceive as to affiliation, connection, and association of Defendant with FMNE, and as to the origin, sponsorship, and approval of Defendant's services by FMNE.

37. By so acting, Defendant has violated and continues to violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38. FMNE has been and will continue to be damaged and irreparably harmed by Defendant's wrongful conduct.

39. Defendant's violation of § 43(a) is and has been intentional, willful, and deliberate, and as such constitutes an exceptional case.

### COUNT II—TRADEMARK INFRINGEMENT UNDER § 32 OF THE LANHAM ACT

40. FMNE realleges and incorporates by reference each of the foregoing paragraphs as though fully restated herein.

41. FMNE possesses a valid federal trademark registration issued by the United States Patent and Trademark Office.

42. Defendant's conduct as described above, including Defendant's unauthorized use of the FMNE marks in connection with its services, is likely to, and has and continues to actually, cause confusion, cause mistake, and deceive consumers.

43. Defendant's conduct constitutes trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

44. Defendant's conduct involves the intentional use of a counterfeit mark as defined in 15 U.S.C. § 1116(d).

45. FMNE has been and will continue to be damaged and irreparably harmed by Defendant's wrongful conduct.

46. Defendant's violation of § 32 is and has been intentional, willful, and deliberate, and as such constitutes an exceptional case.

### **COUNT III—VIOLATION OF NEBRASKA'S UNIFORM DECEPTIVE TRADE PRACTICES ACT**

47. FMNE realleges and incorporates by reference each of the foregoing paragraphs as though fully restated herein.

48. Defendant willfully engages in deceptive trade practices in violation of section 87-302 of the Nebraska Revised Statutes, knowing such trade practices to be deceptive.

49. Such deceptive trade practices include, but are not limited to:

    d. Passing off its services as those of FMNE;

    e. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of its goods or services;

8

   f.  Causing confusion or misunderstanding as the affiliation, connection, or association between its goods or services and FMNE.

50. FMNE is likely to be, and has actually been, damaged and irreparably harmed by Defendant's deceptive trade practices.

## COUNT IV—COMMON LAW TRADEMARK INFRINGEMENT

51. FMNE realleges and incorporates by reference each of the foregoing paragraphs as though fully restated herein.

52. Defendant has used in commerce the FMNE Marks in connection with Defendant's services and has falsely designated the origin of its services, and such use is likely to cause confusion, to cause mistake, and to deceive as to affiliation, connection, and association of Defendant with FMNE, and as to the origin, sponsorship, and approval of Defendant's services by FMNE.

53. By so acting, Defendant has violated FMNE's common law rights in the FMNE Marks.

54. FMNE has been and will continue to be damaged and irreparably harmed by Defendant's wrongful conduct.

## COUNT V—VIOLATION OF NEBRASKA'S CONSUMER PROTECTION ACT

55. FMNE realleges and incorporates by reference each of the foregoing paragraphs as though fully restated herein.

56. Defendant's conduct as alleged herein constitutes an unfair method of competition and unfair or deceptive acts or practices under section 59-1602 of the Nebraska Revised Statutes.

57. FMNE has been and will continue to be damaged and irreparably harmed by Defendant's wrongful conduct.

## **COUNT VI—UNFAIR COMPETITION**

58. FMNE realleges and incorporates by reference each of the foregoing paragraphs as though fully restated herein.

59. Defendant has intentionally used the FMNE marks to pass off its services as those of FMNE's and is calculated to deceive the ordinary consumer in ordinary conditions.

60. Defendant's conduct is likely to and has actually and continues to mislead purchasers acting with ordinary and reasonable caution.

61. FMNE has been and will continue to be damaged and irreparably harmed by Defendant's wrongful conduct.

## **COUNT VII—UNJUST ENRICHMENT**

62. FMNE realleges and incorporates by reference each of the foregoing paragraphs as though fully restated herein.

63. Defendant has benefited from the improper, unfair, and unauthorized use of FMNE's trademark rights and attendant goodwill, as alleged above.

64. Defendant has knowledge and fully appreciates the benefits it has received from FMNE as a result of such actions.

65. Equity and good conscience dictate that Defendant be required to account for and turn over to FMNE an amount equal to the value of the benefits conferred upon it.

## **PRAYER FOR RELIEF**

WHEREFORE, FMNE demands judgment against Defendant as follows:

A. Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from infringing any of FMNE's rights in the FMNE Marks;

B. Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from engaging in unfair competition;

C. Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from making a false representation as to the source, sponsorship, approval, or certification of goods or services by its use of the FMNE Marks;

D. Directing Defendant to deliver up to FMNE any and all representations, regardless of form, which are or which come to be in Defendant's possession, custody, or control and which bear any of the FMNE Marks or confusingly similar variant, and compelling Defendant to notify its direct customers, agents, and representatives that the Infringing Webpage is not connected with FMNE;

E. Directing Defendant to provide an accounting of all revenues and profits gained by Defendant through the Infringing Webpage and those gained by Defendant while engaging in any acts complained of in this Complaint;

F. Awarding FMNE its actual damages and all other damages the Court deems just and equitable under the circumstances of the case;

G. Awarding FMNE Defendant's profits in accordance with § 35 of the Lanham Act (15 U.S.C. § 1117) on the claims asserted under §§ 32, 43(a), and 43(c) of the Lanham Act (15 U.S.C. §§ 1114, 1125(a), 1125(c));

11

H. Awarding FMNE treble damages in accordance with § 35 of the Lanham Act (15 U.S.C. § 1117) on the claims asserted under §§ 32, 43(a), and 43(c) of the Lanham Act (15 U.S.C. §§ 1114, 1125(a), 1125(c));

I. Establishment of a constructive trust consisting of Defendant's profits from or obtained by Defendant's wrongful acts, to be held for the benefit of FMNE;

J. Awarding FMNE damages and injunctive relief entitled to it under Nebraska's Trademark Registration Act;

K. Awarding FMNE damages to which it is entitled based upon Defendant's unjust enrichment;

L. Awarding FMNE prejudgment interest pursuant to § 35(b) of the Lanham Act (15 U.S.C. § 1117(b)), at the rate established under 26 U.S.C. § 6621(a)(2), from the date of service of this Complaint through the date of entry of judgment against the Defendant;

M. Awarding FMNE $2,000 for each and every instance in which a customer of FMNE's has mistakenly used Defendant's services due to the confusion created by Defendant's conduct, as permitted under Nebraska's Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-303.11;

N. Awarding FMNE enhanced damages in the amount of $1,000 as permitted under Nebraska's Consumer Protection Act, Neb. Rev. Stat. § 59-1609;

O. Awarding FMNE its allowable costs and attorney's fees; and

P. Awarding FMNE such other and/or further relief as is just and equitable.

## REQUEST FOR PLACE OF TRIAL

Pursuant to NECivR 40.1(b), FMNE requests trial of this matter at Lincoln.

Dated December 8, 2021.

        FARMERS MUTUAL INSURANCE
        COMPANY OF NEBRASKA, Plaintiff

By:    s/ Andre R. Barry
        Andre R. Barry, #22505
        Nathan D. Clark, #25857
        CLINE WILLIAMS WRIGHT
          JOHNSON & OLDFATHER, L.L.P.
        233 South 13th Street
        1900 U.S. Bank Building
        Lincoln, Nebraska 68508
        abarry@clinewilliams.com
        nclark@clinewilliams.com

4889-2898-2534, v. 3